ORIGINAL

UNITED STATES COURT OF FEDERAL CLAIMS
BEFORE: HON. , JUDGE

CONSOLIDATION COAL COMPANY, CONSOL OF PENNSYLVANIA COAL COMPANY, CONSOL OF KENTUCKY INC., EIGHTY FOUR MINING COMPANY, HELVETIA COAL COMPANY, ISLAND CREEK COAL COMPANY, KENT COAL MINING COMPANY, KEYSTONE COAL MINING CORPORATION, LAUREL RUN MINING COMPANY, MCELROY COAL COMPANY, NINEVAH COAL COMPANY, QUARTO MINING COMPANY, EAGLE ENERGY, INC., ELK RUN COAL COMPANY, INC., GOALS COAL COMPANY, GREEN VALLEY COAL COMPANY, INDEPENDENCE COAL COMPANY, INC., KNOX CREEK COAL CORPORATION, MARFORK COAL COMPANY, INC., MARTIN COUNTY COAL CORPORATION, PEERLESS EAGLE COAL COMPANY, PERFORMANCE COAL COMPANY, RAWL SALES & PROCESSING COMPANY, SIDNEY COAL COMPANY, INC., STONE MINING COMPANY, APOGEE COAL COMPANY, ARCH WESTERN RESOURCES, LLC, CANYON FUEL COMPANY, LLC, CATENARY COAL COMPANY, COAL-MAC, INC., DAL-TEX COAL CORPORATION, HOBET MINING, INC., MINGO LOGAN COAL CO., KINGSTON RESOURCES, INC., PAYNTER BRANCH MINING, INC., PIONEER FUEL CORPORATION, PLATEAU MINING CORPORATION, RAG CUMBERLAND RESOURCES, L.P., RAG EMERALD RESOURCES, L.P., TWENTYMILE COAL COMPANY, COASTAL COAL COMPANY, LLC, COASTAL COAL-WEST VIRGINIA, LLC, EASTERN ASSOCIATED COAL CORPORATION, EVERGREEN MINING COMPANY, MID-VOL LEASING, INC., MOUNTAINEER COAL DEVELOPMENT COMPANY, OLD BEN COAL COMPANY, SHIPYARD RIVER COAL TERMINAL COMPANY, RIVERSIDE ENERGY, INC., VIRGINIA CREWS COAL COMPANY, CLINTWOOD ELKHORN MINING COMPANY, GATLIFF COAL COMPANY, PREMIER ELKHORN COAL COMPANY, PERRY COUNTY COAL CORPORATION, GLAMORGAN COAL COMPANY, LLC, TERRY EAGLE L.P., NICHOLAS-CLAY LAND & MINERAL, INC., NICHOLAS-CLAY COMPANY, LLC, ANDALEX RESOURCES, INC., GENWAL RESOURCES, INC., JIM WALTER RESOURCES, INC., PACIFIC COAST COAL COMPANY, USIBELLI COAL MINE, INC., POWDER RIVER COAL COMPANY, WEST RIDGE RESOURCES, INC., UNITED STATES STEEL MINING COMPANY, LLC, COVENANT COAL CORPORATION, ALEX ENERGY, INC., DELBARTON MINING COMPANY, PEABODY HOLDING COMPANY, INC., COLONY BAY COAL COMPANY, LOGAN

FILED
APR 27 2007
U.S. COURT OF FEDERAL CLAIMS

Court No.
07-266 C

**COMPLAINT**

FORK COAL COMPANY, PINE RIDGE COAL COMPANY, RIVERS EDGE MINING INC., and CONSOL ENERGY, INC.,

Plaintiffs,

v.

UNITED STATES,

Defendant.

Plaintiffs, Consolidation Coal Company, Consol of Pennsylvania Coal Company, Consol of Kentucky Inc., Eighty Four Mining Company, Helvetia Coal Company, Island Creek Coal Company, Kent Coal Mining Company, Keystone Coal Mining Corporation, Laurel Run Mining Company, McElroy Coal Company, Nineveh Coal Company, Quarto Mining Company, Eagle Energy, Inc., Elk Run Coal Company, Inc., Goals Coal Company, Green Valley Coal Company, Independence Coal Company, Inc., Knox Creek Coal Corporation, Marfork Coal Company, Inc., Martin County Coal Corporation, Peerless Eagle Coal Company, Performance Coal Company, Rawl Sales & Processing Company, Sidney Coal Company, Inc., Stone Mining Company, Apogee Coal Company, Arch Western Resources, LLC, Canyon Fuel Company, LLC, Catenary Coal Company, Coal-Mac, Inc., Dal-Tex Coal Corporation, Hobet Mining, Inc., Mingo Logan Coal Co., Kingston Resources, Inc., Paynter Branch Mining, Inc., Pioneer Fuel Corporation, Plateau Mining Corporation, RAG Cumberland Resources, L.P., RAG Emerald Resources, L.P., Twentymile Coal Company, Coastal Coal Company, LLC, Coastal Coal-West Virginia, LLC, Eastern Associated Coal Corporation, Evergreen Mining Company, Mid-Vol Leasing, Inc., Mountaineer Coal Development Company, Old Ben Coal Company, Shipyard River Coal Terminal Company, Riverside Energy, Inc., Virginia Crews Coal Company, Clintwood Elkhorn Mining Company, Gatliff Coal Company, Premier Elkhorn Coal Company, Perry County Coal Corporation,

Glamorgan Coal Company, LLC, Terry Eagle L.P., Nicholas-Clay Land & Mineral, Inc., Nicholas-Clay Company, LLC, Andalex Resources, Inc., Genwal Resources, Inc., Jim Walter Resources, Inc., Pacific Coast Coal Company, Usibelli Coal Mine, Inc., Powder River Coal Company, West Ridge Resources, Inc., United States Steel Mining Company, LLC, Covenant Coal Corporation, Alex Energy, Inc., Delbarton Mining Company, Peabody Holding Company, Inc., Colony Bay Coal Company, Logan Fork Coal Company, Pine Ridge Coal Company, Rivers Edge Mining Inc., Consol Energy, Inc., by their attorneys, Baker & McKenzie LLP, bring this action against defendant, the United States, and for their complaint herein allege, on knowledge as to matters pertaining respectively to themselves, and on information and belief as to all other matters, as follows:

## NATURE OF THE ACTION

1. This is an action seeking damages in the amount of reclamation fees imposed and paid pursuant to 30 U.S.C. § 1232 (hereinafter the "Coal Reclamation Fee") in respect of coal sold for export from the United States, and seeking a declaratory judgment that the Coal Reclamation Fee statute is unconstitutional as applied to coal sold for export from the United States.

## PARTIES

2. Plaintiffs in this action are producers, sellers and exporters of coal and are bringing this action in their respective individual capacities for their respective individual claims for damages in the amount of Coal Reclamation Fee assessments paid by each in respect of coal sold for export from the United States, either by them or by corporate affiliates or predecessors who have made such sales and assigned all claims to them. Each Plaintiff has standing in this action because each has paid the Coal Reclamation Fee in respect of coal sold for export from

the United States (or holds valid assignments in respect of such claims), which was illegally assessed and collected in contravention of the United States Constitution. No such taxes have been passed on or included in export sales prices paid by any other entity.

## JURISDICTION

3. This Court possesses jurisdiction of this action under 28 U.S.C. § 1491(a)(1), as Plaintiffs seek damages under Article I, Section 9, Clause 5 of the United States Constitution (the "Export Clause"), for the imposition of Coal Reclamation Fees on coal sold for export from the United States in violation of the Constitution.

## FACTUAL ALLEGATIONS

4. The Export Clause provides that "No Tax or Duty shall be laid on Articles exported from any State." U.S. Const. art. 1, § 9, cl. 5.

5. In 1977 Congress enacted Pub. L. No. 95-87, 91 Stat. 445 (1977) to promote the reclamation of mined lands by establishing a special fund to be financed by reclamation fee assessments on coal produced by surface or underground mining. The statute, codified within the Surface Mining Control and Reclamation Act ("SMCRA") at 30 U.S.C. § 1232, as amended, provided in pertinent part as follows:

**§ 1232. Reclamation Fee**

**(a) Payment; rate**

> All operators of coal mining operations subject to the provisions of this chapter shall pay to the Secretary of the Interior, for deposit in the fund, a reclamation fee of 35 cents per ton of coal produced by surface mining and 15 cent per ton of coal produced by underground mining or 10 per centum of the value of the coal at the mine, as determined by the Secretary, whichever is less, except that the reclamation fee for lignite of the coal at the mine, or 10 cents per ton, whichever is less.

* * *

30 U.S.C. § 1232.

6. On December 20, 2006, in the Tax Relief and Health Care Act of 2006, Congress amended 30 U.S.C. § 1232, as follows:

**Sec. 202. RECLAMATION FEE**

> (a) AMOUNTS.—
>
> (1) FISCAL YEARS 2008-2012.—Effective October 1, 2007, section 402(a) of the Surface Mining Control and Reclamation Act of 1977 (30 U.S.C. § 1232(a)) is amended—
>
> (A) by striking "35" and inserting "31.5";
>
> (B) by striking "15" and inserting "13.5"; and
>
> (C) by striking "10 cents" and inserting "9 cents".
>
> (2) FISCAL YEARS 2013-2021.—Effective October 1, 2012, section 402(a) of the Surface Mining Control and Reclamation Act of 1977 (30 U.S.C. § 1232(a)) (as amended by paragraph (1)) is amended—
>
> (A) by striking "31.5" and inserting "28";
>
> (B) by striking "13.5" and inserting "12"; and
>
> (C) by striking "9 cents" and inserting "8 cents".

* * *

Tax Relief and Health Care Act of 2006, Pub. L. No. 109-432, § 202, 120 Stat. 3008.

7. The bulk of the Coal Reclamation Fee imposed by the federal government is collected in respect to coal produced for domestic sale, and export sales of coal account for less than 10% of total U.S. sales of coal.

8. The Coal Reclamation Fee statute does not provide for an exemption for coal that is sold for export from the United States.

9. The Coal Reclamation Fee is imposed on coal produced for sale, transfer or use. 30 C.F.R. § 870.12(a).

10. The Coal Reclamation Fee is determined by the weight and value of the coal at the time of the initial bona fide sale, transfer of ownership, or use by the operator of the coal produced, which is defined as the first transaction or use of the coal by the operator immediately

after the coal is severed. 30 C.F.R. § 870.12(b). Unless and until there is a sale, transfer of ownership, or use by the coal operator following severance of the coal, no liability to pay the Coal Reclamation Fee attaches.

11. In the case of coal sold for export, the Coal Reclamation Fee is determined by the weight and value of the coal at the time of such export sale.

12. Liability for the Coal Reclamation Fee on coal sold for export attaches at a time when the coal has entered the export stream and is bound for export. As such, the Coal Reclamation Fee imposed on coal sold for export is directly related to the export of such coal, imposes a direct tax burden on such exports, and is a tax on exported articles.

**CAUSE OF ACTION**

13. Paragraphs 1 through 12 are repeated with the same force and effect as if stated fully herein.

14. The Coal Reclamation Fee imposed under 30 U.S.C. § 1232 is a tax prohibited by the Export Clause, and is therefore unconstitutional as applied to exports from the United States. *See Consolidation Coal Co. v. United States*, 64 Fed. Cl. 718 (2005), *appeal docketed*, No. 2007-_____ (Fed. Cir. Apr. 19, 2007).

15. Plaintiffs paid Coal Reclamation Fees on exports, which were unconstitutionally imposed and assessed on coal sold for export.

**REQUEST FOR JUDGMENT AND RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court enter a judgment and order against the United States, granting each plaintiff separately and individually a declaration that the Coal Reclamation Fees laid against Plaintiffs' coal produced and sold for export from the United States is an unconstitutional exaction of a tax on exports in violation of the Export Clause of the United States Constitution, and an award of damages in the amount of all Coal Reclamation Fee payments which were made by Plaintiffs in connection with coal sold for export, together with appropriate interest, costs, and attorney's fees, together with such other and further relief as this Court may deem just and proper.

Respectfully submitted,

Steven H. Becker
Baker & McKenzie LLP
1114 Avenue of the Americas
New York, NY 10036
Tel: (212) 626-4100

Attorneys for Plaintiffs

Date: April 26, 2007